## LEROY v FINANCIAL SECURITIES CO

Ohio Appeals, 6th Dist, Lucas Co
No. 2543. Decided June 15, 1931

M. Geleerd, Toledo, for Financial Securities Co.

Calkins, Storey & Nye, Toledo, for C. M. Leroy.

LLOYD, J.

The answer of defendant denies that he signed the note and evading this fact, seeks to allege other facts which could be defensive only on the theory that he had signed it. If defendant did not sign the note, then that fact was conclusive of non-liability thereon, and no other defense was necessary or could be made. The purpose of pleadings is to narrow the issues to the facts in dispute, and should be framed accordingly.

**Ohio Fuel Gas Co. v Gfell, Vol. 36 Court of Appeals Opinions, Sixth District, unreported, p. 283.**

Our opinion, however, is that although the facts as claimed by the defendant could and should have been alleged with more exactitude, and that the statement of counsel to the jury might have been more direct and explicit, yet giving both the answer and the statement that latitude of meaning which liberal construction requires, we conclude that the facts so alleged and claimed precluded the trial judge from directing a verdict thereon in favor of the plaintiff. Mere negligence or inaction on the part of plaintiff would not discharge the obligation of defendant. Some affirmative or wilful act was necessary.

**Shaul v McCauley, 34 Weekly Law Bull., 278;**

**Camp, et al v Bostwick, et al, 20 Oh St, 337, 347;**

**Frazuer v First National Bank, 2 Oh Ap, 159, 161**

**50 C. J., page 158, section 259.**

Finding as we do that the answer of the defendant pleads an affirmative act on the part of the plaintiff which would be a defense to the liability of the defendant on the note, and that counsel in his opening

statement to the jury claimed that the evidence would prove such act, the judgment is reversed and the action remanded to the Court of Common Pleas for further proceedings according to law.

RICHARDS and WILLIAMS, JJ, concur.